Case 2:16-cv-00028   Document 56   Filed in TXSD on 12/12/16   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
December 12, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARIA BROOKS, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-00028 |
| | § | |
| MVP GROUP INTERNATIONAL INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER DENYING NON-PARTY DISCOVERY MOTION**

Before the Court is Defendant MVP Group International, Inc.'s (MVP's) motion to compel discovery (D.E. 40) against the Aransas Pass Police Department, a non-party to this action. MVP seeks an order compelling compliance with discovery sought pursuant to a Federal Rule of Civil Procedure 45 subpoena. The motion is not accompanied by proof that the subpoena was served as required by Rule 45(b). Neither is there proof that the Aransas Pass Police Department made an appearance in this action to seek relief from the requirements of the subpoena. Thus the record does not establish personal jurisdiction over respondent, non-party, Aransas Pass Police Department for purposes of compelling discovery.

Before the Court's contempt powers may be invoked, the movant must bring the non-party to the Court through appropriate means to satisfy the requirements of due process. In particular, the exercise of contempt powers must be preceded by notice of the motion and date of hearing through Rule 4 (when the non-party has made no response to the subpoena) or Rule 5 (if the non-party has made an appearance in writing by a

designated representative by objecting to, or seeking relief from, the subpoena) giving time to respond under Rule 6(c).  *See generally, S.E.C. v. Hyatt*, 621 F.3d 687, 697 (7th Cir. 2010); *Autotech Techs. LP v. Integral Research & Dev. Corp*., 499 F.3d 737, 748 (7th Cir. 2007).  Of course, waiver of such service signed by the respondent's duly recognized representative would be sufficient.

If the subpoena was not properly served, it is not entitled to enforcement.  And because a properly served Rule 45 subpoena acts as a court order requiring discovery, an additional court order is not required prior to the exercise of contempt powers to enforce it.  *Hyatt, supra* at 694 (treating the issuance of such an order as an optional step).  The Court thus DENIES MVP's request for an order requiring discovery that is superfluous and does not involve contempt powers.

MVP's motion does not, on its face, invoke the Court's contempt powers.  And if the Court were to construe it as doing so, no relief could be granted because of the failure to provide proof of service of the motion pursuant to Rule 4 or 5 so as to guarantee due process.  Consequently, the Court DENIES the motion (D.E. 40) without prejudice to correct the service issues identified herein and seek relief pursuant to the Court's contempt powers.

ORDERED this 12th day of December, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE